1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                * * *

9   ESTEBAN RODRIGUEZ, JR.,              Case No.   3:18-cv-00418-RCJ-WGC

10                        Plaintiff,                    ORDER

11        v.

12  DEPUTY OLSEN, et al.,

13                        Defendants.

14

15

16        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by

17  a former state prisoner.  On May 20, 2019, this Court issued an order denying the

18  application to proceed *in forma pauperis* for prisoners as moot because Plaintiff was no

19  longer incarcerated. (ECF No. 3 at 2).  The Court ordered Plaintiff to file a fully complete

20  application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of

21  $400.00 within thirty (30) days from the date of that order. (*Id.*)  The Court also ordered

22  Plaintiff to file an updated address within thirty (30) days from the date of that order. (*Id.*)

23  The thirty-day period has now expired, and Plaintiff has not filed an application to proceed

24  *in forma pauperis* for non-prisoners, paid the full filing fee, filed an updated address, or

25  otherwise responded to the Court's order.

26        District courts have the inherent power to control their dockets and "[i]n the

27  exercise of that power, they may impose sanctions including, where appropriate . . .

28  dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to update his address and to file an

1   application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within

2   thirty (30) days expressly stated that, if Plaintiff failed to timely comply with the order,

3   dismissal of this action might result.  (ECF No. 3 at 2).  Thus, Plaintiff had adequate

4   warning that dismissal would result from his noncompliance with the Court's order to file

5   an updated address and to file an application to proceed *in forma pauperis* for non-

6   prisoners or pay the full filing fee within thirty (30) days.

7        It is therefore ordered that this action is dismissed without prejudice based on

8   Plaintiff's failure to update his address and his failure to file an application to proceed *in*

9   *forma pauperis* for non-prisoners or pay the full filing fee in compliance with this Court's

10  May 20, 2019 order.

11       It is further ordered that the Clerk of Court shall enter judgment accordingly.

13       DATED THIS  9th day of July, 2019.

15                                          UNITED STATES DISTRICT JUDGE

- 3 -